**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ANTHONY GLYNN ALLEN, SR.,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:05-CV-713-A** |
| | § | |
| **DOUGLAS DRETKE, DIRECTOR,** | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE, CORRECTIONAL  INSTITUTIONS** | § | |
| **DIVISION,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B.  PARTIES

Petitioner Anthony Glynn Allen, Sr., TDCJ #1172741, is in custody of the Texas Department

of Criminal Justice, Correctional Institutions Division, in Colorado City, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice,

Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

In November 2002, Allen was charged by indictment with two counts of aggravated robbery with a deadly weapon, a box cutter, in Case No. 0858674D in the 372nd District Court of Tarrant County, Texas. (State Habeas R. at 69.) On February 24, 2003, Allen waived his right to a jury trial and entered an open plea of guilty to both counts. (*Id.* at 70-74, 81.) Thereafter, on May 12, 2003, after a hearing, the trial court sentenced Allen to thirty years' confinement on each count, the sentences to run concurrently. (*Id.* at 75.) The Second District Court of Appeals affirmed the trial court's judgment on March 4, 2004, and the Texas Court of Criminal Appeals refused Allen's petition for discretionary review on July 28, 2004. *Allen v. Texas*, No. 2-03-201-CR, slip op. (Tex. App.– Fort Worth Mar. 4, 2004) (not designated for publication); *Allen v. Texas*, PDR No. 410-04.

Allen filed a state application for writ of habeas corpus raising the claims presented herein, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court on October 19, 2005. *Ex parte Allen*, No. WR-62,821-01, at cover. Allen filed this petition on November 4, 2005.[1]

## D. ISSUES

In four grounds, Allen claims he received ineffective assistance of trial counsel because counsel (1) failed to object to a faulty indictment, (2) failed to object to the sufficiency of the evidence, (3) unlawfully induced his guilty pleas, and (4) failed to object to a material variance between the indictment and the proof at trial. (Pet. at 7-8.)

---

[1]*See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).

E.  RULE 5 STATEMENT

Dretke believes that Allen has sufficiently exhausted his state court remedies on the claims presented and, thus, does not move for dismissal on this ground.  (Resp't Answer at 3.)

F.  DISCUSSION

1.  Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407-08.

Further, the statute requires that federal courts give great deference to a state court's factual findings.  *Hill*, 210 F.3d at 485.  Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.  The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Typically,

when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to this presumption. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997.)

## 2. Ineffective Assistance Claims

Allen claims counsel was ineffective by failing to object to a faulty indictment, the sufficiency of the evidence, and a material variance between the indictment and the proof at trial and by unlawfully inducing his guilty pleas.   A criminal defendant has a constitutional right to the effective assistance of counsel at trial.   U.S. CONST. amend. VI.   To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial.   *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984).   In evaluating an ineffective assistance claim, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy.   *Strickland*, 466 U.S. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight.   *Id.* at 689.

Once a voluntary guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea.   *Smith*, 711 F.2d at 682; *Bradbury v.*

*Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981).  Thus, to the extent Allen complains of counsel's acts or omissions unrelated to the voluntariness of his pleas, the claims are nonjurisdictional and are waived by the pleas.  *See United States v. Broce*, 488 U.S. 563, 573-74 (1989); *United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002) (defects in indictment); *Kelly v. Alabama*, 636 F.2d 1082, 1083-84 (5th Cir. 1981) (sufficiency of evidence).

To the extent Allen claims counsel unlawfully induced his guilty pleas, the claim fails.  A guilty plea must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea.  *Brady v. United States*, 397 U.S. 742, 748 (1970).  Before a trial court may accept a guilty plea, the court must ensure that the defendant is advised of the consequences of his plea and the various constitutional rights that he is waiving by entering such a plea.  *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).  If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review.  *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).  Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him.  *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979).  He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment.  *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

The record in this case does not demonstrate that Allen's guilty pleas were in any way induced by misunderstanding, coercion, or misrepresentation on the part of his trial counsel.  Although there is no record of the plea proceeding and there was no hearing held in the state habeas proceeding, the state habeas judge, the same judge who presided over the plea proceeding, entered

findings of fact refuting Allen's claim that counsel unlawfully induced him to plead guilty. In turn, the Texas Court of Criminal Appeals denied relief without written order on those findings. *Ex parte Allen*, No. 53,009-01, at cover. The documentary record supports the state courts' determination of the issue. The record reflects that Allen entered his guilty pleas in open court and was advised by counsel and the trial court of his rights, waivers, and the full range of punishment for the offense. (State Habeas R. at 70-74.) Allen executed the written plea admonishments in which he acknowledged that he was aware of the consequences of his plea, that his plea was "freely and voluntarily entered," that he was "totally satisfied" with the representation received from counsel, and that counsel provided fully effective and competent representation. (*Id.* at 72.) *See Blackledge*, 431 U.S. at 74; *Kelley*, 636 F.2d at 1084. Further, Allen judicially confessed to committing the offenses as charged in the indictment. (*Id.* at 73.) Such representations by a defendant during plea proceedings "carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74. Then and now, Allen offers nothing more than his unsubstantiated allegations concerning counsel's influence on his decision to plead guilty. Without substantiation in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Allen's claim, after the fact, unsupported or unsupportable by anything in the record, is insufficient to rebut the presumption that he received effective assistance of counsel and the presumption of regularity of the state court records. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999) (same); *Siao-Pao v. Keane*, 878 F. Supp. 468, 472 (S.D.N.Y. 1995); *see also*, *e.g., Panuccio v. Kelly*, 927 F.2d 106, 109 (2nd Cir. 1991) (a defendant's testimony after the fact suffers from

6

obvious credibility problems).

## II.  RECOMMENDATION

Allen's petition for writ of habeas corpus should be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 7, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 7, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May __17__, 2006.


  /s/ Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE